2843, 2844. MOULTON *v.* THE STATE (two cases).

HILL, C. J. No error of law appears. The evidence of guilt was weak and unsatisfactory, but there were some circumstances from which the jury might reasonably have inferred guilt, and these circumstances were not satisfactorily explained by the defendant. The verdict was approved by the trial judge, and this court can not interfere.

*Judgment affirmed.*

DECIDED OCTOBER 14, 1910.

Indictment for simple larceny; from Early superior court—Judge Worrill. June 17, 1910.

*Hawes & Pottle,* for plaintiff in error.

*J. A. Laing, solicitor-general, Reuben R. Arnold,* contra.

---

2845. MOULTON *v.* THE STATE.

HILL, C. J. The evidence for the State raises only a bare suspicion of the defendant's guilt, and the evidence in behalf of the defendant removes that suspicion. The animus furandi was not proved.

*Judgment reversed.*

DECIDED OCTOBER 14, 1910.

Indictment for hog-stealing; from Early superior court—Judge Worrill. June 17, 1910.

*Hawes & Pottle,* for plaintiff in error.

*J. A. Laing, solicitor-general, Reuben R. Arnold,* contra.

---

2848. HESTER *v.* THE STATE.

1. One of the essential requisites in the offense of cheating and swindling by a false representation is that the person making the representation shall know that it is false; and, while this may be proved by circumstantial evidence, it must in some wise be proved in the case.

2. A person may be cheated and swindled by a false representation as to what is contained in a writing; and in such cases it is no sufficient objection to a witness, testifying as to the representation made, that the writing itself is the highest and best evidence of what it contains.

DECIDED OCTOBER 14, 1910.

Accusation of cheating and swindling; from city court of Fitzgerald—Judge Wall. July 5, 1910.

*J. S. Ridgdill, C. C. Hall,* for plaintiff in error.

*A. J. McDonald, solicitor,* contra.